IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                        Case No. 15-10146-JTM

BILL HAROLD RAYMOND,
        Defendant.

**MEMORANDUM AND ORDER**

The matter is before the court on Raymond's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 54). Raymond contends that the court should vacate the sentence and correct it by removing the USSG §3A1.1(b)(1) vulnerable victim enhancement. For the reasons set forth below, Raymond's Motion is denied.

**History**

Defendant Bill Harold Raymond was indicted (Dkt. 1) on September 30, 2015 on three counts in violation of 18 U.S.C. § 2252A(a)(2) (receipt/distribution of child pornography) and one count in violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). Raymond entered a Notice of Intent to Change Plea on August 1, 2017 (Dkt. 32) and a change of plea hearing was set for August 17, 2017. An Information (Dkt. 34) was filed on August 15, 2017, amending the charges against Raymond to reflect three counts in violation of 18 U.S.C. § 2252A(a)(1) (transportation of child pornography) and one count in violation of 18 U.S.C. §2252A(a)(5)(B) (possession of child pornography).

The court held a change of plea hearing on August 17, 2017. At the hearing, Raymond signed a Petition to Enter Plea of Guilty (Dkt. 37) in which he pled guilty to all counts of the Information. In the Petition Raymond admitted to doing all of the acts described in the Information and recognized that if he pled guilty he was waiving his right to a trial. The Petition acknowledged the court's broad control over the sentence Raymond would receive:

> I know that the sentence I will receive is solely a matter within the control of the Judge. *I understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable*, 18 U.S.C. § 3661. I understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range the Judge could impose a sentence either above or below the recommended guideline range. In determining the guideline range, any variance, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted, and take into account background characteristics, unless otherwise prohibited by law.

(Dkt. 37, p. 5) (emphasis added). Finally, Raymond indicated "**I am satisfied with the advice and help [my lawyer] has given me**" (emphasis in original) and "I offer my plea of 'GUILTY' freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition." (Dkt. 37, p. 6).

The court conducted a careful and extensive plea colloquy on August 17, 2017 in conjunction with Raymond's Petition. Raymond again acknowledged during the colloquy that he was satisfied with the performance of his defense counsel. (Transcript of

Plea Hearing, Dkt. 57, p. 7). He told the court that he had carefully reviewed each provision of the Petition with his attorney, that he had no questions about the meaning of the Petition, and that he was giving up the right to trial because he was guilty of the offenses in the Information. (*Id.* at 18-19). At the close of the colloquy, the court stated, "I am finding that you made your plea to each charge freely, voluntarily, and because you are guilty as charged and not out of ignorance, fear, inadvertence or coercion." (*Id.* at 23-24).

The United States Probation Office prepared a Presentence Investigation Report (PSR) after Raymond's plea, which calculated defendant's offense level using the 2016 United States Sentencing Guidelines Manual (USSG). USSG §2G2.2 provided a base offense level of 32. Enhancements were added to that base offense level for the age of a minor involved in the offenses (§2G2.1(b)(1)(A)); for defendant's commission of a sexual act (§2G2.1(b)(2)(A)); and because defendant knew or should have known that a victim of the offense was a vulnerable victim (§3A1.1(b)(1)). Defendant received a three-point reduction in offense level for acceptance of responsibility and assistance to authorities. The enhancements and adjustments led to a total offense level of 37. (Dkt. 39, p. 10-11). Combined with defendant's criminal history category of I, the PSR recommended a guidelines imprisonment range of 210 to 262 months (*Id.*, p. 16).

Raymond was sentenced on December 20, 2017 to a term of 210 months imprisonment on counts 1 through 3 of the Information, and 120 months on count 4 to run concurrently with the sentence for counts 1 through 3. (Dkt. 47). Raymond's sentence was at the low end of the guidelines range established by the PSR, which was adopted

by the court without change. (*See* Dkt. 48). The court found at the time of sentencing that a low-end sentence was appropriate given Raymond's acknowledgement of his guilt, his disclosure of information, and his personal characteristics, and that the sentence of 210 months was sufficient but not greater than necessary to comply with the sentencing factors of 18 U.S.C. § 3553(a). (Dkt. 48, p. 4). During the sentencing, the court specifically overruled Raymond's objection to application of the vulnerable victim enhancement, noting "I agree with the Government that in a series of videos the victim here appears to have been drugged in some manner or another, or at least given some substance that allowed her to largely be unaware of what was going on. She's young enough and I think the circumstances indicate that the vulnerable victim enhancement here is appropriate, so I am also overruling that objection." (Transcript of Sentencing Hearing, Dkt. 58, p. 6).

**Analysis**

**Ineffective Assistance of Counsel**

Raymond pled guilty, without a plea agreement, to all counts of the Information. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973). *McMann* held "[w]hether a plea of guilty is unintelligent and therefore vulnerable … depends as an initial matter, not on whether a court would retrospectively consider counsel's advice

to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S.Ct. 1441 (1970). The record clearly shows that Raymond's guilty plea was entered freely, voluntarily, and intelligently, with full knowledge of its implications. Raymond can therefore only obtain relief from that plea by demonstrating that the advice he received from counsel was below constitutional standards.

*Strickland v. Washington* established a two-part test to determine whether counsel's assistance was so defective as to warrant reversal of a conviction. First, the defendant must show that counsel's performance was so seriously deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show the deficient performance was so serious that it deprived the defendant of the right of a fair, reliable trial. 466 U.S. 668, 686-87, 104 S.Ct. 2052 (1984).

As to the first prong, "the proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687. There is a "strong presumption" that counsel's representation was within the "wide range" of reasonably effective assistance. *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770 (2011). Raymond's first claim of ineffective assistance relates to his decision to cooperate with the prosecution in exchange for an immunity agreement. Raymond contends that he would not have entered into the agreement and made statements against his own interest if his attorney had not advised him that statements made during the interview could not be put into evidence or used against Raymond in any manner, including at sentencing, so

long as the statements were truthful. Raymond contends this advice was "legally wrong, and a significant misstatement of the law." (Dkt. 54, p. 14).

With respect to this first argument, Raymond cannot overcome the strong presumption that his counsel's advice was within the wide range of reasonably effective assistance. Generally the government cannot compel a person to testify against his own interest unless it promises to immunize him against use of that testimony in any criminal case again him, including use in sentencing proceedings. *See United States v. Oyegoke-Eniola*, 734 F.3d 1262, 1267 (10th Cir. 2013) (citing *Mitchell v. United States*, 526 U.S. 314, 326-27, 119 S.Ct. 1307 (1999)).

In this instance, however, the court finds no support in the record for Raymond's argument that statements made during his immunity interview were actually used against him at the time of sentencing to apply the vulnerable victim enhancement. The statements at issue concern an encounter between Raymond and a minor which were recorded on video. In the video, the minor was given a pink liquid to drink and appeared to be under the influence of some type of intoxicating substance. Prosecutors were in possession of the video before Raymond's immunity interview, had reviewed it, and indicated to the court that prior to Raymond's interview they were aware the minor had likely been given some kind of intoxicant that rendered her "zonked." (*See* PSR, ¶¶ 35, 142-45). During the interview, Raymond informed investigators that he had been told by the minor's caretaker that the pink liquid was spiked with alcohol, and that although he had not witnessed that event and did not know what type of alcohol was used, he believed the caretaker was being truthful.

Neither the PSR nor the transcript of Raymond's sentencing show that Raymond's admission concerning his knowledge of the "spiked" drink was used to apply the vulnerable victim enhancement. During the sentencing hearing, the court acknowledged that the minor in the video "appears to have been drugged in some manner or another…." (Transcript of Sentencing Hearing, Dkt. 58, p. 6). The evidence of "vulnerability," that is, the intoxication of the minor, was evident to the government prior to Raymond's immunized statements and was evident to the court solely from the content of the video. While Raymond's statements clarified how the victim was made vulnerable (by alcohol), the government was already well aware that the victim was under the influence of some intoxicating substance before Raymond's statements were made.

"The focus of the inquiry under *Kastigar* … is not whether the prosecutor was aware of the contents of the immunized testimony, but whether he used the testimony in any way to build a case against the defendant." *U.S. v. Crowson*, 828 F.2d 1427, 1430 (9th Cir. 1987) (quoting *United States v. Caporale*, 806 F.2d 1487, 1518 (11th Cir. 1986)) (internal quotation marks omitted). Both the federal immunity statute and the Fifth Amendment allow the government to prosecute using evidence it obtains from sources independent of an individual's immunized testimony. *Kastigar*, 406 U.S. at 461. "Indeed, if the government can prove a prior, independent source for its evidence, then the non-evidentiary purposes of trial strategy, etc., would seemingly have been developed anyway. Thus, any non-evidentiary use of the immunized testimony would have been inevitable and harmless in any regard." *Crowson*, 828 F.2d at 1432. The video in question

7

was an independent source of the information used to apply the vulnerable victim enhancement against Raymond, and there is no evidence that the court made direct or derivative use of any immunized statements to apply the enhancement.

Raymond's second point of error is that his counsel was ineffective in failing to object during sentencing to the government's use of his immunized statements to argue for application of the vulnerable victim enhancement, or, alternatively, failing to argue that use constituted a breach of his immunity agreement. This argument is not supported by the record. The PSR reflects that defense counsel objected to application of the vulnerable victim enhancement on two grounds: that factors used to support the enhancement were already reflected elsewhere in the guidelines calculations, and that Raymond's statements concerning the minor victim in the video were made during his debrief with the government. (*See* PSR¸ Dkt. 39, p. 23-24). The government responded to these objections, and they were overruled by the court during sentencing. The court finds the fact that defense counsel did not specifically reference a "breach" of the immunity agreement to be irrelevant to Raymond's claims for relief, because Raymond cannot show that counsel's alleged errors were prejudicial.

*Strickland* requires not only that Raymond show that his counsel erred and that it had some outcome on the proceeding (as virtually every act of counsel would meet that test), but "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Ruth*, 100 F.3d 111, 113 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 694) (internal quotation marks omitted). In order to show prejudice in the context of a guilty plea, a "defendant must

show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

The contents of Raymond's plea petition, his statements to the court during his plea hearing, and his statements to the court at sentencing clearly demonstrate the lack of prejudice. Raymond was not unfamiliar with the law; he was a lawyer for a number of years before surrendering his license prior to his sentencing. (PSR, Dkt. 39, p. 14-15). In his Petition to Enter Plea, which the court reviewed at length during the plea colloquy, Raymond acknowledged that the sentence he would receive was solely in control of the court, and that there was no limitation on the information the court would consider at the time of sentencing regarding his background, character, and conduct. (Dkt. 37, p. 5). Raymond also acknowledged that in determining an appropriate guidelines range and any variance the court could consider *all* relevant conduct, including conduct to which he had not pled guilty or been convicted. (*Id.*).

The court found that Raymond entered his guilty plea freely, voluntarily, and because he was guilty of each count charged and that he pled guilty with full knowledge and understanding of the consequences of that plea. (Transcript of Plea, Dkt. 57, p. 23-24). The court was entitled to consider the contents of the video at issue during the sentencing process. The court also considered and rejected defendant's objections to the use of the video to apply the vulnerable victim enhancement, including defense counsel's objection that it was prohibited because Raymond volunteered that information during an immunity interview. There was a wholly independent source of the information both

9

the prosecution and the court used to apply the vulnerable victim enhancement. Finally, there is no indication that defendant would have rejected a guilty plea entirely in the absence of counsel's advice regarding the immunity interview. Raymond gained valuable benefits from his cooperation with the government as well as his guilty plea, which included avoidance of charges for production of pornography which prosecutors had been investigating at the time of Raymond's debrief. (Transcript of Sentencing, Dkt. 58, p. 16-17).

Counsel's advice here was within the wide range of reasonably effective assistance contemplated by the Constitution. But, to the extent that Raymond could show his counsel failed to provide reasonably effective assistance, the court finds Raymond cannot show the prejudice required by *Strickland*. Raymond's claims for ineffective assistance of counsel cannot support relief under section 2255.

**Breach of the Immunity Agreement**

In addition to his claim for ineffective assistance of counsel, Raymond contends his sentence must be vacated because the government either directly breached his immunity agreement or indirectly breached it by creating an "unwritten exception" to the contract during sentencing when prosecutors informed the court of their "subjective beliefs" concerning the state of the minor in the video.

As discussed above, it is a well-accepted legal principal that neither the federal immunity statute nor the Fifth Amendment require the government to refrain from prosecution when the evidence used is derived from a source independent of an individual's immunized statements. Raymond's specific objection to use of his

10

immunized statements was overruled during sentencing. Nothing in Raymond's arguments changes the court's original analysis that the evidence used to support the vulnerable victim enhancement, the video itself, was not derived or related in any way to any immunized testimony.

Further, the court, which had an opportunity to observe the performance of both prosecutors and defense counsel throughout the course of these proceedings, specifically acknowledged the competence and professionalism of counsel during sentencing:

> And so we look for the lawyers to do exactly what Mr. Hart and Mr. Freund have done here, which is to put best foot forward with respect to their cases. … I've never seen anybody that has handled these cases better or more adeptly on the prosecution side than Mr. Hart. … And I think it's pretty easy as a defense lawyer, too, to, after a certain number of years, become a little bit jaded but that's never happened with Mr. Freund. He comes in and represents all of his clients to the best of his abilities.

(Transcript of Sentencing, Dkt. 58, p. 26-27).

To the extent that Raymond's claims related to any "breach" of the immunity agreement were not waived by his voluntary guilty plea, then, the court finds them meritless. There is no bar on the prosecution's ability to use evidence derived from independent sources in both its case in chief and sentencing, and there is no indication in the record that the vulnerable victim enhancement was applied against defendant solely as a result of his immunized statements to the government.

**Conclusion**

The court declines Raymond's request to hold an evidentiary hearing. 28 U.S.C. § 2255(b) requires the court to grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

11

Where a defendant enters a guilty plea voluntarily, knowingly, and free from any coercion, and that conclusion is conclusively reflected in the record, the court is not required to conduct an evidentiary hearing on a section 2255 claim. *See Runge v. United States*, 427 F.2d 122, 127 (10th Cir. 1970); *see also Howell v. United States*, 355 F.2d 173, 175 (10th Cir. 1966) (denial of 2255 motion without evidentiary hearing appropriate where guilty plea was made freely and voluntarily). The record here conclusively reflects that Raymond's guilty plea was entered voluntarily, knowingly, and free from coercion, and that the voluntary and intelligent nature of his plea was not altered by any ineffective assistance of counsel.

The court also declines to issue a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such certificate may issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n. 3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562 (2004)). The court finds no substantial showing of the denial of a constitutional right, and nothing in the record supports a conclusion that reasonable jurists would find the court's assessment debatable or wrong.

For the reasons set forth above, Raymond's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. 54) is DENIED.

IT IS SO ORDERED this 5th day of February, 2020.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT